UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Mark Harrison Perkins,

Plaintiff

v.

Anthony Demeyo et al.,

Defendants

Case No.: 2:12-cv-01242-JAD-VCF

**Order Granting Motion to Reopen Time to File Dispositive Motion**
[#21]

This civil-rights action arises out of former detainee Mark Perkins's challenge of how officials at the Nye County Detention Facility ("NCDF") handled his mail. Perkins sued Nye County Sheriff Anthony DeMeo and NCDF officers Lt. Dolfin and Sgt. Guthridge, raising a First Amendment challenge to NCDF's mail policy and an access-to-the-courts claim. Defendants filed a motion for summary judgment in 2013, which failed to address Perkins's access-to-the-courts claim. Doc. 13. I granted that motion. Doc. 20. Defendants now challenge the scope of my ruling: they contend that Perkins's access-to-the-courts claim was so inextricably intertwined with his First Amendment claim that I should have entered summary judgment on all claims despite their narrow challenge. Doc. 21. I disagree, and I conclude that the defendants have failed to demonstrate any basis for reconsideration of my summary-judgment order. On review, I remain convinced that the defendants' arguments addressed only the First Amendment mail-policy claims and simply missed or ignored Perkins's access-to-the-courts claim. The motion for reconsideration is denied.

But defendants alternatively ask me to reopen the dispositive-motion deadline to permit them to file a motion for summary judgment on this remaining and yet unaddressed claim. Doc. 21. Defendants have persuaded me that they may be able to demonstrate that the deficiencies in Perkins's mail-policy claim that led to the entry of partial summary judgment may also merit summary judgment on the remaining claim. Perkins has not opposed the defendants' motion. *See* Doc. 23 (notice of non-opposition). Accordingly, I find good cause to extend the dispositive-motion

deadline for the sole purpose of allowing the defendants to file a motion for summary judgment by June 12, 2015, on the Plaintiff's remaining claim for denial of access to the courts. The parties are cautioned that the court may consider only properly authenticated evidence on summary judgment, and they should carefully review and satisfy the requirements for authentication outlined in *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).

### Conclusion

Accordingly, it is hereby ORDERED that defendants' motion for reconsideration or, in the alternative, to reopen/expand time to file dispositive motions **[Doc. 21] is GRANTED IN PART AND DENIED IN PART**:

- The motion for reconsideration is DENIED;
- The motion to enlarge the time for filing dispositive motions is GRANTED for the limited purpose of permitting defendants to move for summary judgment on plaintiff's second claim for denial of access to the courts. Defendants must file the new motion by June 12, 2015.

DATED June 2, 2015.

_____
Jennifer A. Dorsey
United States District Judge

Clerk to mail copy of order to:

Mark Perkins
3380 Rand Lane
Pahrump, NV  89060

2